**Timbul NMN SIANTURI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72239.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Carol Federighi, Esq., Andrew B. Insenga, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Timbul NMN Sianturi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252. We review for substantial evidence, *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), and we deny the petition for review.

The IJ denied Sianturi's asylum application as time-barred. Sianturi does not challenge this finding in his opening brief.

Substantial evidence supports the IJ's denial of withholding of removal because the harassment and threats Sianturi experienced on account of his Christian religion did not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (holding that a life-time of harassment, threats, and a single beating did not constitute persecution). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies to Indonesian Christians seeking withholding of removal, Sianturi has not demonstrated a clear probability of future persecution. *See id.* at 1185. Lastly, Sianturi did not establish that there is a pattern or practice of persecution of Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc) (holding that the Indonesian government was not unable or unwilling to control the perpetrators of the violence).

We do not consider Sianturi's CAT claim because he did not raise any arguments in his opening brief challenging the denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.